# EXHIBIT A

ORIGINAL

1   **LAW OFFICES OF WAYNE S. KREGER, P.A.**
    WAYNE S. KREGER, California Bar No. 154759
2   wayne@kregerlaw.com
3   100 Wilshire Boulevard, Suite 700
    Santa Monica, California 90401
4   Telephone (310) 917-1083
    Facsimile (310) 917-1001
5
6   Attorneys for Plaintiffs
7
8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9                **FOR THE COUNTY OF LOS ANGELES**
10
11  BEN   PIAZZA;   JOEL   BINGER;   KEVIN )   Case No.  **19STCV42511**
    BELLOTTI;   JIMMY   VELARDE;   WAYNE )
12  GETCHELL;  NANCY  PERRY;  EDWARD )      ORIGINAL COMPLAINT AND JURY
    NELSON;  RON  NUGENT;  DAVE  GOLBA; )   DEMAND
13  PETER  MALLARD;  FREDERICK  SMITH; )
    JULIAN    SALAS;    ROBERTO    BOSIO; )    CAUSES OF ACTION:
14  RICHARD   LABGOLD;   DENISE   STONES; )
15  LESLIE    NOURSE;    LINDA    RUSS; )   [1]    INTENTIONAL    DISCRIMINATION
    JERILYNNE     AKUTAGAWA;     BARBRA )   (California Fair Employment and Housing Act
16  CIMO;    SHARON    O'DANIEL;    JODY )   California   *Government   Code*   §   12940(a),
    LAWRENCE-MILLER;  VICKI  KAUFMAN; )     12491)
17  TRACY  LAWRENCE;  KENNETH  LATKA; )
18  and MARC BERUTI,                      )   [2] DISPARATE IMPACT DISCRIMINATION
                                          )   (California Fair Employment and Housing Act
19                      Plaintiffs,       )   California   *Government   Code*   §   12940(a),
                 vs.                      )   12491)
20                                        )
    CBS  BROADCASTING,  INC.;  TELEVISION )   [3] UNFAIR COMPETITION LAW (Violation
21  CITY  STUDIOS,  LLC;  TELEVISION  CITY )   of *Business & Professions* Code §§ 17200 et
    SERVICES,    LLC;    TELEVISION    CITY )   seq.)
22  PRODUCTIONS, LLC; MICHAEL HACKMAN )
23  &   ASSOCIATES;   HACKMAN   CAPITAL )   [4] DECLARATORY RELIEF
    PARTNERS, LCC; and DOES 1 through 10, )
24  inclusive,                            )
                                          )
25                      Defendants.       )
26
27
28

FILED
Superior Court of California
County of Los Angeles

NOV 27 2019

Sherri R. Carter, Executive Officer/Clerk

STEVEN DREW

---

**ORIGINAL COMPLAINT AND JURY DEMAND**

1        Plaintiffs BEN PIAZZA; JOEL BINGER; KEVIN BELLOTTI; JIMMY VELARDE;

2   WAYNE GETCHELL; NANCY PERRY; EDWARD NELSON; RON NUGENT; DAVE GOLBA;

3   PETER MALLARD; FREDERICK SMITH; JULIAN SALAS; ROBERTO BOSIO; RICHARD

4   LABGOLD; DENISE STONES; LESLIE NOURSE; LINDA RUSS; JERILYNNE AKUTAGAWA;

5   BARBRA CIMO; SHARON O'DANIEL; JODY LAWRENCE-MILLER; VICKI KAUFMAN;

6   TRACY LAWRENCE; KENNETH LATKA; and MARC BERUTI (collectively "Plaintiffs") allege

7   as follows against Defendants CBS BROADCASTING, INC. ("CBS"); TELEVISION CITY

8   STUDIOS, LLC; TELEVISION CITY SERVICES, LLC; TELEVISION CITY PRODUCTIONS,

9   LLC ("Television City"); MICHAEL HACKMAN & ASSOCIATES; HACKMAN CAPITAL

10  PARTNERS, LCC ("Hackman"); and DOES 1 through 10 (collectively "Defendants") as follows:

11

12                              **INTRODUCTION**

13      1.    Plaintiffs are 25 distraught employees of CBS who have been betrayed by Defendants

14  despite a combined 917 years of service building Television City in the Fairfax District of Los

15  Angeles into the major media empire that it is today. Since the 1970s, Plaintiffs worked between 26

16  and 53 years in various capacities such as Film Editor, Video Editor, Studio Technician, Video Tape

17  Technician, Camera Operator, Electronic Graphics Engineer, Human Recourses Representative,

18  Technical Operations, Audio & Video Operator, Stage Operator, Stage Electronics and Head of Hair

19  and Make-Up, among many other roles on countless productions in genres including news, sports,

20  promos, the Winter Olympics, game shows, and some of the highest rated daytime dramas in the

21  country. A sample of Plaintiffs' numerous production credits include The Bold and the Beautiful,

22  The Young and the Restless, the Bill Maher Show, The Late Late Show With James Cordon, The

23  Price Is Right, Dancing With The Stars, American Idol, The Steve Harvey Show, Carol Burnett

24  Show, Politically Incorrect, Rose Parade, Disney Thanksgiving Parade, Dennis Miller "Live", Major

25  League Baseball, National Football League, American Football League, National Basketball

Association, Democratic Convention, Republican Convention and the Olympics. Plaintiffs have won 66 Emmys and many other prestigious awards for their work.

2.      Plaintiffs have always been dedicated employees of CBS and have never expected more than a good paycheck, job security and competitive benefits in return for their hard work and loyalty. CBS demanded exclusivity from Plaintiffs, while at the same time often hiring temporary employees who in some cases had previously worked for CBS' competitors. Many Plaintiffs have given their entire professional lives to CBS, working there in excess of 30, 40 years, contributing mightily to CBS' and Television City's success, respect and profit.

3.      Yet without warning in late-2018, CBS cashed in on Plaintiffs' sweat and talent when it sold Television City to Hackman, a local real estate developer, for $750 Million, quite a return on what was originally a $7 Million investment in the 1950s. Plaintiffs' shock and dismay escalated dramatically when, in January, 2019, CBS suddenly told Plaintiffs that they would no longer work for CBS in 2020. CBS Senior Vice President of West Coast Operations Mike Klausman directly told Plaintiffs they were simply "traded to Hackman like baseball players get traded to another team" and that all such decisions on future employment, compensation and buyouts would be solely up to Hackman. Klausman now works for Hackman.

4.      Then the very next day after escrow closed on the sale of Television City to Hackman, on February 1, 2019, CBS offered a lucrative buyout to all of its employees throughout the United States who qualified under its 80 point system; while all of the Plaintiffs herein met the 80 point criteria, none of them were offered the buyout in an unfair and discriminatory decision based on their age but under the guise of CBS' decision that Plaintiffs would no longer be CBS employees in 2020. The savings to CBS from this illegal act is in the tens of millions of dollars.

5.      What's more, Plaintiffs' mere employment status with Hackman (via the trades) is unclear because while Hackman promised to continue Television City's operations for another five years, the theory is that production operations will be scaled back or terminated as the Television

3

City lot becomes a modern mixed-use real estate holding including residential development as required by the Los Angeles City Council, despite Michael Hackman acknowledging without citing the attributions of its new employees that "Television City was built in 1952 and literally put television production on the map in Los Angeles."

6.      The lack of clarity about Plaintiffs' status, and the status of their employment, compensation and benefits was further muddled by the fact that many of Plaintiffs' colleagues who worked in the same departments over the same years within the same demographic group did in fact receive generous buyout packages to retire early. CBS continues to send Plaintiffs emails regarding the merger of CBS and Viacom and how prosperous their futures will be and other emails regarding Plaintiffs' CBS medical benefits. At the same time, Hackman's managers began to send Plaintiffs emails containing questionnaires about the kind of insurance they would like along with other Hackman benefits while at the same time, nobody at Hackman will even confirm that Plaintiffs are employed with them.

7.      This civil direct action seeks monetary damages, restitution, injunctive and declaratory relief from CB arising from its deceptive, fraudulent and illegal acts. CBS violated (and continues to violate) [1] Intentional Discrimination (California Fair Employment and Housing Act California *Government Code* § 12940(a), 12491); [2] Disparate Impact Discrimination (California Fair Employment and Housing Act   California *Government Code* § 12940(a), 12491); [3] Unfair Competition Law (Violation of *Business & Professions* Code §§ 17200 et seq.); and Plaintiffs also seek [4] Declaratory Relief against all Defendants. Plaintiffs have together suffered damages in the tens of millions of dollars.

## PARTIES

8.      Plaintiffs Ben Piazza ("Piazza") is an individual and a citizen of the City of Pacific Palisades, County of Los Angeles, State of California. Piazza began working for CBS in 1974 and has held various job titles with CBS including Film Editor, Video Tape Technician and Studio

4

Technician. Piazza's "Combined Age Plus Years of Service" is 114 but he was not offered the buyout that is the subject of this lawsuit.

9.     Plaintiffs Joel Binger ("Binger") is an individual and citizen of the Town of Lake Balboa, County of Los Angeles, State of California. Binger began working for CBS in 1988 and has held various job titles with CBS including Studio Technician and Camera Operator. Binger's "Combined Age Plus Years of Service" is 101 but he was not offered the buyout that is the subject of this lawsuit.

10.     Plaintiffs Kevin Belliotti ("Belliotti") is an individual and citizen of the City of West Hills, County of Los Angeles, State of California. Belliotti began working for CBS in 1980 and held the job title of Electronic Graphics Engineer. Belliotti's "Combined Age Plus Years of Service" is 104 but he was not offered the buyout that is the subject of this lawsuit.

11.     Plaintiffs Jimmy Velarde ("Velarde") is an individual and a citizen of the Town of Kagel Canyon, County of Los Angeles, State of California. Velarde began working for CBS in 1989 and held the job title of Camera Operator. Velarde's "Combined Age Plus Years of Service" is 90 but he was not offered the buyout that is that subject of this lawsuit.

12.     Plaintiffs Wayne Getchell ("Getchell") is an individual and citizen of the City of Los Angeles, County of Los Angeles, State of California. Getchell began working for CBS in 1987 and held the job title of Studio Technician. Getchell's "Combined Age Plus Years of Service" is 96 but he was not offered the buyout that is the subject of this case.

13.     Plaintiffs Nancy Perry ("Perry") is an individual and citizen of the Town of Sherman Oaks, County of Los Angeles, State of California. Perry began working for CBS in 1988 and has held various job titles with CBS including Human Recourses Representative and Technician. Perry's "Combined Age Plus Years of Service" is 90 but she was not offered the buyout that is the subject of this lawsuit.

14.     Plaintiffs Edward Nelson ("Nelson") is an individual and a citizen of the Town of

5

Sherman Oaks, County of Los Angeles, State of California. Nelson began working for CBS in 1988 and has held various job titles with CBS including Technician and Camera Operator. Nelson's "Combined Age Plus Years of Service" is 93 but he was not offered the buyout that is the subject of this lawsuit.

15.    Plaintiffs Ron Nugent ("Nugent") is an individual and a citizen of the City of Pasadena, County of Los Angeles, State of California. Nugent began working for CBS in 1979 and held the job title Stage Operations and Stage Electronics. Nugent's "Combined Age Plus Years of Service" is 106 but he was not offered the buyout that is the subject of this lawsuit.

16.    Plaintiffs Dave Golba ("Golba") is an individual and a citizen of the City of Simi Valley, County of Ventura, State of California. Golba began working for CBS in 1983 and held the job title Audio Tech. Golba's "Combined Age Plus Years of Service" is 95 but he was not offered the buyout that is the subject of this lawsuit.

17.    Plaintiffs Peter Mallard ("Mallard") is an individual and citizen of the Town of Van Nuys, County of Los Angeles, State of California. Mallard began working for CBS in 1987 and held the job title of Studio Tech. Mallard's "Combined Age Plus Years of Service" is 93 but he was not offered the buyout that is the subject of this lawsuit.

18.    Plaintiffs Frederick Smith ("Smith") is an individual and a citizen of the City of Carson, County of Los Angeles, State of California. Smith began working for CBS in 1978 and held the job title VTR Technician. Smith's "Combined Age Plus Years of Service" is 104 but he was not offered the buyout that is the subject of this lawsuit.

19.    Plaintiffs Julian Salas ("Salas") is an individual and citizen of the City of South El Monte, County of Los Angeles, State of California. Salas began working for CBS in 1976 and held the job title of Technician. Salas' "Combined Age Plus Years of Service" is 109 but he was not offered the buyout that is the subject of this lawsuit.

20..    Plaintiffs Roberto Bosio ("Bosio") is an individual and citizen of the City of

Pasadena, County of Los Angeles, State of California. Bosio began working for CBS in 1979 and held the job title of Video Technician. Bosio's "Combined Age Plus Years of Service" is 106 but he was not offered the buyout that is the subject of this lawsuit.

21.     Plaintiffs Richard Labgold ("Labgold") is an individual and citizen of the City of Calabasas, County of Los Angeles, State of California. Labgold began working for CBS in 1979 and held various job titles with CBS including Technical Operations and Video Operator. Labgold's "Combined Age Plus Years of Service" is 105 but he was not offered the buyout that is the subject of this lawsuit.

22.     Plaintiffs Denise Palm Stones ("Stones") is an individual and a citizen of the City of Playa del Rey, County of Los Angeles, State of California. Stones began working for CBS in 1988 and held the job title Audio Technician. Stones' "Combined Age Plus Years of Service" is 99 but she was not offered the buyout that is the subject of this lawsuit.

23.     Plaintiffs Leslie Nourse ("Nourse") is an individual and citizen of the City of San Pedro, County of Los Angeles, State of California. Nourse began working for CBS in 1979 and has held various job titles with CBS including Technician and Camera Operator. Nourse's "Combined Age Plus Years of Service" is 106 but he was not offered the buyout that is the subject of this lawsuit.

24.     Plaintiffs Linda Russ ("Russ") is an individual and citizen of the City of West Hollywood, County of Los Angeles, State of California. Russ began working for CBS in 1966 and held the job title of Manager Facilities Operations. Russ' "Combined Age Plus Years of Service" is 122 but she was not offered the buyout that is the subject of this lawsuit

25.     Plaintiffs Jerilynne Akutagawa ("Akutagawa") is an individual and a citizen of the City of Culver City, County of Los Angeles, State of California. Akutagawa began working for CBS in 1989 and has held various job titles with CBS including MGR Scheduling and Stage Operator. Akutagawa's "Combined Age Plus Years of Service" is 96 but she was not offered the buyout that is

7

that subject of this lawsuit.

26.     Plaintiffs Barbara Cimo ("Cimo") is an individual and a citizen of the City of Valencia, County of Los Angeles, State of California. Cimo began working for CBS in 1969 and held the job title of Coordinator. Cimo's "Combined Age Plus Years of Service" is over 115 years but she was not offered the buyout that is that subject of this lawsuit.

27.     Plaintiffs Sharon O'Daniel ("O'Daniel") is an individual and citizen of the City of Los Angeles, County of Los Angeles, State of California. O'Daniel began working for CBS in 1979 and held the job title of Studio Technician. O'Daniel's "Combined Age Plus Years of Service" is 110 but she was not offered the buyout that is the subject of this lawsuit.

28.     Plaintiffs Jody Miller ("Miller") is an individual and citizen of the City of Simi Valley, County of Ventura, State of California. Miller began working for CBS in 1985 and has held various job titles with CBS including Department Head of Hair and Department Head of Hair and Make-up. Miller's "Combined Age Plus Years of Service" is 102 but she was not offered the buyout that is the subject of this lawsuit.

29.     Plaintiffs Vicki Kaufman ("Kaufman") is an individual and a citizen of the City of Redondo Beach, County of Los Angeles, State of California. Kaufman began working for CBS in 1993 and held the job title Videotape Tech. Kaufman's "Combined Age Plus Years of Service" is 89 but she was not offered the buyout that is the subject of this lawsuit.

30.     Plaintiffs Tracy Lawrence ("Lawrence") is an individual and a citizen of the City of Sherman Oaks, County of Los Angeles, State of California. Lawrence began working for CBS in 1987 and held the job title Technical Director and Camera. Lawrence's "Combined Age Plus Years of Service" is 98 but she was not offered the buyout that is the subject of this lawsuit.

31.     Plaintiffs Kenneth Latka ("Latka") is an individual and a citizen of the City of Tarzana, County of Los Angeles, State of California. Latka began working for CBS in 1983 and held the job title Audio Tech. Latka's "Combined Age Plus Years of Service" is 95 but he was not

offered the buyout that is the subject of this lawsuit.

32.    Plaintiffs Marc Beruti ("Beruti") is an individual and a citizen of the City of West Covina, County of Los Angeles, State of California. Beruti began working for CBS in 1985 and held the job title Technician/Editor Media Operations and Assistant Supervisor Media Operations. Beruti's "Combined Age Plus Years of Service" is 98 but he was not offered the buyout that is the subject of this lawsuit.

33.    Plaintiffs are informed and believe, and upon such information and belief allege, Defendant CBS BROADCASTING, INC. ("CBS") is a New York corporation with its principal executive offices located at 51 West 52nd Street, New York, New York 10019 and its nerve center and California headquarters located at 7800 Beverly Boulevard, Los Angeles, California 90036. At all times referenced in this lawsuit, CBS, independently and jointly, employed more than 5 persons and are employers as defined in the California Fair Employment and Housing Act ("FEHA").

34.    Plaintiffs are informed and believe, and upon such information and belief allege, Defendants TELEVISION CITY STUDIOS, LLC; TELEVISION CITY SERVICES, LLC; TELEVISION CITY PRODUCTIONS, LLC ("Television City") are Delaware corporations with their headquarters and nerve center located at 11111 Santa Monica Boulevard, Suite 1100, Los Angeles, California 90025. At all times referenced in this lawsuit, Television City, independently and jointly, employed more than 5 persons and are employers as defined in FEHA.

35.    Plaintiffs are informed and believe, and upon such information and belief allege, Defendants MICHAEL HACKMAN & ASSOCIATES and HACKMAN CAPITAL PARTNERS, LCC ("Hackman") are a California corporation and limited liability company, respectively, with their headquarters and nerve center located at 11111 Santa Monica Boulevard, Suite 1100, Los Angeles, California 90025. At all times referenced in this lawsuit, Hackman, independently and jointly, employed more than 5 persons and are employers as defined in FEHA.

36.    The names and capacities, whether individual, corporate, associate or otherwise of

9
ORIGINAL COMPLAINT AND JURY DEMAND

other defendants and their alter egos sued herein as Does 1-10, inclusive, are presently unknown, and Plaintiffs will amend the Complaint to insert the same when ascertained. Plaintiffs are informed and believe, and based thereon allege, that each of these defendants was a resident of the County of Los Angeles, California and/or have their nerve center and/or principal offices or were doing business in said county and state and are in some way responsible for the happenings and damages alleged in this Complaint.

37.    Plaintiffs are informed and believe, and based thereon allege, that each of the Defendants named herein was an agent and an employee of the remaining Defendants and was at all times acting within the scope of said agency and employment in doing the acts herein alleged.

## JURISDICTION AND VENUE

38.    Jurisdiction over this proceeding in California is pursuant to Article VI, section 10 of the California Constitution, which grants the state courts "original jurisdiction in all causes except those given by statute to other trial courts." The statutes under which this action is brought do not specify any other basis for jurisdiction.

39.    The California Superior Court has jurisdiction over Defendants because they are California citizens with more than sufficient minimum contacts and nerve center(s) within California, and/or entities that have otherwise intentionally availed themselves of the California market so as to render the exercise of jurisdiction over them by the California Superior Court consistent with traditional notions of fair play and substantial justice. Furthermore, Defendants have purposefully availed themselves of the benefits and protections of the laws within the State of California, having sufficient contacts such that the exercise of jurisdiction would be consistent with traditional notions of fair play and substantial justice.

40.    Venue is appropriate in Los Angeles County as Defendants' primary business headquarters and their principal places of business are located in Los Angeles County;  Plaintiffs are also mostly residents and domiciled in Los Angeles County; and all of the events alleged in this

1    lawsuit occurred in Los Angeles County.

2        41.    The California Superior Court at the Stanley Mosk Courthouse has jurisdiction over

3 this case because the amount in controversy is in excess of the minimal jurisdictional limits of the

4 California Superior Court; Permissive filing in the Mosk Courthouse is specifically authorized by

5 Los Angeles County *Local Rule* 2.0.; and this case is deemed "provisionally complex" upon filing in

6 Mosk with a designation for assignment to the Spring Street Courthouse, having so indicated on the

7

8 Civil Cover Sheet and upon payment of the Complex Fees, pursuant to California *Rules of Court*,

9 rules 3.400(c) and 3.401-3.402.

10                               **LEGAL ALLEGATIONS**

11        42.    Congress passed the Age Discrimination in Employment Act (ADEA) of 1967 to

12 address the practice of employment discrimination against older workers. It applies to employers

13 with 20 or more full-time or regular part-time employees for each working day, in each of 20 or

14 more calendar weeks, in either the current or preceding calendar year. The ADEA prohibits

15 discrimination in employment against workers age 40 or older and makes it unlawful for an

16

17 employer to discharge any individual or otherwise to discriminate against any individual with

18 respect to his or her compensation, terms, conditions or privileges of employment. Under the

19 "Company Voluntary Buyouts" section of the law, it clearly states "similarly situated employees

20 have to be treated equally." The United States Supreme Court has held that the threshold burden of

21 disparate treatment may be proved by circumstantial evidence.

22        43.    The ADEA incorporate the enforcement and remedial provisions of the Fair Labor

23 Standards Act ("FLSA"). FLSA remedies include awards for backpay, reinstatement or front pay.

24 The amount of front pay may be affected by the lack of availability of employment opportunities

25 open to the fired employee. In addition, the employee may be entitled to an additional amount in

26 liquidated damages upon establishing that the employer's actions were willful. Indeed such an award

27

28

1    is mandatory upon a finding of willfulness. If the ex-employee is successful in his or her ADEA

2    case, they may also recover attorney fees.

3        44.    In 1990, Congress amended the Age Discrimination in Employment Act of 1967

4    ("ADEA") by passing the Older Workers Benefit Protection Act ("OWBPA") to curtail the practice

5    of large employers using their overwhelming economic leverage to coerce and manipulate older

6    workers. The OWBPA mandates strict, minimum requirements for employers to obtain a valid

7    waiver of "any right or claim" under the ADEA when workers are let go in a group layoff. Among

8    other pre-requisites for valid waivers, the employer must provide critical information to help laid-off

9    workers determine whether they have been discriminated against as a group because of their age (the

10   "OWBPA comparator information"). The OWBPA comparator information includes the criteria

11   used to select employees for layoffs and the ages and job titles of everyone in their unit who was

12   selected for layoff and everyone in their unit who was spared. As the Supreme Court has explained,

13   the OWBPA implements "a strict, unqualified statutory stricture on waivers" so that "[a]n employee

14   'may not waive' an ADEA claim unless the employer complies with the statute." *Oubre v. Entergy*

15   *Operations, Inc.*, 522 U.S. 422, 427 (1998). To this end, "[t]he OWBPA sets up its own regime for

16   assessing the effect of ADEA waivers, separate and apart from contract law . . . [and] creates a series

17   of prerequisites for knowing and voluntary waivers." *Id.*

18

19

20       45.    The California Fair Employment and Housing Act also prohibits age discrimination

21   in employment and its remedies are in addition to those under federal law. With the FEHA, the fired

22   employee is also be eligible to receive damages for emotional distress as well as punitive damages.

23   The FEHA applies to all employers with five or more employees. And as with the federal rules,

24   discrimination based on age over 40 is prohibited.

25

26       46.    *Barrentine v. Arkansas-Best Freight System,* 450 U.S. 728 (1981) made clear that

27   statutory claims are not pre-empted by arbitration agreements in the unionized workplace. In 2005,

28   the 3rd District Court of Appeal applied the same rule to California wage and hour laws in *Cicairos*

*v. Summit Logistics Inc.,* 133 Cal.App.4th 949 (2005). Simply put, rights granted by collective bargaining agreements are contractual in nature, whereas statutory rights are minimum labor standards that are nonnegotiable and cannot be pre-empted by federal labor law. This applies whether the claim is for wage and hour violations, as in *Zavala v. Scott brothers Dairy, Inc.,* 143 Cal.App.4th 585 (2006) or other violations of statutory rights, such as discrimination. *Wright v. Universal Maritime Service Corp.,* 525 U.S. 70 (1998).

47.     Although California *Government Code* § 12965(b) provides that individuals must exhaust their administrative remedies with the DFEH by filing a complaint and obtaining a "right-to-sue notice" from the Department before filing a lawsuit, the DFEH, however, will accept requests for an immediate "right-to-sue-notice" from persons who have decided to proceed in court. Plaintiffs received their Right to Sue Letters on November 26, 2019 and will be filing an Administrative Charge(s) with the EEOC as an administrative prerequisite to asserting claims under the ADEA and will file an amended complaint to include claims under the ADEA at the appropriate time.

## FACTUAL ALLEGATIONS

48.     Television City was built in the early 1950s by the CBS Television Network as its West Coast production facility. The networks gradually saw the potential of Hollywood as a locale to make programs since it was already home to the motion picture industry and its cavalcade of stars and creative talent. Television City was a racetrack and former oil field on Beverly Boulevard near downtown Los Angeles. CBS opened its new $7 million Hollywood production and office facility, Television City, on November 15, 1952. Television City was a state-of-the-art facility geared for live as well as delayed telecast of programs and its four studios -- 31, 33, 41 and 43. Executive and production offices were placed in the upper levels, and technical operations were centered on the ground floor. Two studios, 31 and 33, had permanent audience seating; the audience area was depressed relative to stage level. Movable audience seating was arranged in Studios 41 and 43 as needed and a scene dock was centrally located to serve all four adjoining studios. In the mid-1980s,

13

CBS built an annex to Television City to house two additional large studios, 36 and 46. Later, upstairs rehearsal halls in the main building were converted into Studios 56 and 58[1].

49.     As legend has it, when Television City opened in 1952, CBS offered its employees at the previous studio location known as Columbia Square a choice to either remain at Columbia Square or go to the new Television City location, presumably without a reduction in benefits. Television City is considered by many in the business to be the best television production facility on the West Coast.

50.     Plaintiffs began to work for CBS at Television City all the way back in 1969 and throughout the 1970s, continuing uninterrupted for almost 1,000 combined years between them.

51.     After the sale of Television City to Hackman in 2019, on or about February 13, 2019, CBS offered their entire approximately 1,500 strong union and non-union employee base throughout the United States who met the 80 point criteria a generous voluntary buyout offer of two weeks for every year worked with the only qualification requirement being that employees are only eligible if their age added to years of service equaled at least 80.

52.     All 25 Plaintiffs in this case are over 40 years old and exceed the 80 age/year threshold. Depending on various individual factors, the average Plaintiffs in this case worked at Television City for approximately 36 years and would be entitled to approximately $150,000 per the buyout offer. Unfortunately, CBS decided to exclude about 61 otherwise qualified Television City employees on the sole stated grounds that they are instead "covered by the transition to Hackman Properties" despite Plaintiffs never having received any confirmation that they are in fact or will be Hackman employees or even any paperwork or documents from Hackman about their status. Since CBS has already stated that Plaintiffs "are still full CBS employees until January 2020," their exclusion from the buyout offer in 2019 is clearly pretextual and illegally and disparately discriminates against Plaintiffs on the basis of their ages.

---

[1] https://www.j-shea.com/TVCity/History.html

14

ORIGINAL COMPLAINT AND JURY DEMAND

53.    In fact, CBS provided the buyout option to Victor Guitierez a favored department head of Engineering and Construction who is an IBEW union member and whose department is going Hackman, and they did so by unilaterally designating him as "still CBS" so he could get the buyout. Every Plaintiffs is in the exact same situation as this department head, and yet he received the buyout and Plaintiffs did not.

54.    CBS' Human Resources Director Ernest Liggins told Plaintiffs that the reason CBS chose to exclude Plaintiffs who will be working for Hackman in 2020 is to avoid Hackman losing crew members by guaranteeing that Plaintiffs will make the transition and Kevin Oldis, the Senior Vice President of CBS Human Resources emailed Plaintiffs on May 1, 2019 stating that "none of [Plaintiffs] on loan to Hackman were eligible for the CBS voluntary buyout offer. . . because, as part of the sale agreement, CBS committed to taking reasonable steps to keep intact the TV City workforce."

55.    Plaintiffs' union attorney, Joe Kaplan met several times with CBS' attorneys and attempted to overturn the buyout exclusion. Mr. Kaplan reported back to Plaintiffs that he was present and witnessed Hackman's CEO Chis Anderson having a heated conversation with Harry Marx, the chief CBS lawyer on the west coast. Anderson asked Marx why did CBS, the day after Hackman closed escrow on the $750 Million sale, immediately turn around and choose to exclude Plaintiffs from the generous companywide buyout "creating a serious problem for us as their future employer." Harry Marx said it was a stockholders' decision to exclude Plaintiffs because Plaintiffs could be designated to be employed by Hackman in 2020 so they didn't feel they would have to pay Plaintiffs anything. Out of the approximately 1,500 employees offered the buyout, 300 accepted it before it closed on May 31, 2019.

56.    Every one of Plaintiffs in this lawsuit would have accepted the buyout (and still would) had it been offered to them in full.

57.     Joe Kaplan has informed Plaintiffs on behalf of their union, the IBEW, that the union has waived its exclusive negotiating and collective bargaining rights to resolve this dispute with Defendants and has advised Plaintiffs who are union members that they may proceed with outside litigation counsel in the California Superior Court.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION against CBS

### INTENTIONAL DISCRIMINATION
### (California Fair Employment and Housing Act
### California *Government Code* § 12940(a), 12491)

58.     Plaintiffs incorporate and reallege by reference each and every allegation contained in the preceding Paragraphs as if set forth herein in full.

59.     This cause of action is brought pursuant to California *Government Code* §12940(a) and §12941 which prohibits discrimination against a person in terms, conditions or privileges of employment on the basis of age, and the corresponding regulations of the California Fair Employment and Housing Commission, or its successor.

60.     At all times herein mentioned, CBS, jointly and independently, employed five or more persons, bringing said Defendant employer within the provision of California *Government Code* §12900 et seq., prohibiting employers or their agents from discriminating against employees on the basis of age.

61.     Plaintiffs timely filed charges with the DFEH and have thus exhausted their administrative remedies.

62.     Plaintiffs are members of a protected class within the meaning of the aforementioned *Government Code* sections because they are all over the age of 40 years old. At all relevant times herein, Plaintiffs satisfactorily performed all of their job duties and responsibilities as expected by CBS and, in fact, exceeded those expectations over the years, and all of them qualified for the lucrative buyout by exceeding the 80 point criteria. Yet CBS wrongfully discriminated against them

16

on the basis of their age by denying them access to the buyout. CBS engaged in an intentional, company-wide and systematic policy, pattern, and/or practice of discrimination against Plaintiffs and intentionally discriminated against Plaintiffs. CBS' conduct had an adverse impact on Plaintiffs as less discriminatory alternatives existed and would have equally served any alleged necessity proffered by CBS.

63.     As a direct and proximate consequence of CBS' discriminatory conduct, Plaintiffs have sustained and continue to sustain substantial loss in past, present and future earnings, career opportunities, bonuses and other employment benefits including but not limited to access to the lucrative buyout in amounts to be proven at trial. Plaintiffs' damages include all consequential, general and special economic damages in amounts to be proven at trial and all appropriate attorneys fees, costs, fine and penalties.

64.     As a direct and proximate consequence of CBS' discriminatory conduct, Plaintiffs have suffered physical, emotional and psychological injuries, along with pain and suffering. Accordingly, compensatory damages are necessary in an amount to be proven at trial and all appropriate attorneys fees, costs, fine and penalties.

65.     The actions of CBS as alleged herein constitute oppression, fraud, or malice, as those terms are defined in California *Civil Code* § 3294, and were done wantonly, maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' rights. CBS' conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof at trial and all appropriate attorneys fees, costs, fine and penalties.

///

///

///

///

## SECOND CAUSE OF ACTION against CBS

### DISPARATE IMPACT DISCRIMINATION
(California Fair Employment and Housing Act
California *Government Code* § 12940(a), 12491)

66.     Plaintiffs incorporate and reallege by reference each and every allegation contained in the preceding Paragraphs as if set forth herein in full.

67.     This cause of action is brought pursuant to California *Government Code* §12940(a) and §12941 which prohibits discrimination against a person in terms, conditions or privileges of employment on the basis of age, and the corresponding regulations of the California Fair Employment and Housing Commission, or its successor.

68.     At all times herein mentioned, CBS, jointly and independently, employed five or more persons, bringing said Defendant employer within the provision of California *Government Code* §12900 et seq., prohibiting employers or their agents from discriminating against employees on the basis of age.

69.     Plaintiffs timely filed charges with the DFEH and have thus exhausted their administrative remedies.

70.     Plaintiffs are members of a protected class within the meaning of the aforementioned *Government Code* sections because they are all over the age of 40 years old. At all relevant times herein, Plaintiffs satisfactorily performed all of their job duties and responsibilities as expected by CBS and, in fact, exceeded those expectations over the years, and all of them qualified for the lucrative buyout by exceeding the 80 point criteria. Yet CBS wrongfully discriminated against them on the basis of their age by denying them access to the buyout. CBS engaged in an intentional, company-wide and systematic policy, pattern, and/or practice of discrimination against Plaintiffs and intentionally discriminated against Plaintiffs. CBS' conduct had an adverse impact on Plaintiffs as less discriminatory alternatives existed and would have equally served any alleged necessity proffered by CBS.

71.     The foregoing policies, patterns, and/or practices have an unlawful disparate impact on Plaintiffs ages 40 and older in violation of *Government Code* sections 12940(a), 12941.

72.     As a direct and proximate consequence of CBS' discriminatory conduct, Plaintiffs have sustained and continue to sustain substantial loss in past, present and future earnings, career opportunities, bonuses and other employment benefits including but not limited to access to the lucrative buyout in amounts to be proven at trial. Plaintiffs' damages include all consequential, general and special economic damages in amounts to be proven at trial and all appropriate attorneys fees, costs, fine and penalties.

73.     As a direct and proximate consequence of CBS' discriminatory conduct, Plaintiffs have suffered physical, emotional and psychological injuries, along with pain and suffering. Accordingly, compensatory damages are necessary in an amount to be proven at trial and all appropriate attorneys fees, costs, fine and penalties.

74.     The actions of CBS as alleged herein constitute oppression, fraud, or malice, as those terms are defined in California *Civil Code* § 3294, and were done wantonly, maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' rights. CBS' conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof at trial and all appropriate attorneys fees, costs, fine and penalties.

### THIRD CAUSE OF ACTION against CBS

### (UNFAIR COMPETITION LAW
### Violation of *BUSINESS & PROFESSIONS* CODE §§ 17200 et seq.)

75.     Plaintiffs incorporate and reallege by reference each and every allegation contained in the preceding Paragraphs as if set forth herein in full.

76.     CBS has committed unfair, unlawful and/or fraudulent business practices in violation of California *Business & Professions* Code §§ 17200 et seq. (the "UCL") through the fraudulent

representations and breaches described in this Complaint.

77.     These misrepresentations and breaches constitute unfair, unlawful and fraudulent conduct and unfair competition in violation of the UCL.

78.     CBS' conduct as described herein has been anti-competitive and injurious to other companies which complied with the laws and policies violated by CBS as CBS' conduct provided an unfair and illegal advantage in the marketplace as a result of, inter alia, saving CBS tens of millions of dollars by discriminating against its own employees.

79.     The foregoing conduct by all Defendants has injured Plaintiffs by, inter alia, wrongfully denying them the financial advantages of the employment and the buyout they promised to Plaintiffs. As such, Plaintiffs are entitled to restitution, disgorgement and injunctive relief.

80.     As a direct and proximate consequence of CBS' discriminatory conduct, Plaintiffs have sustained and continue to sustain substantial loss in past, present and future earnings, career opportunities, bonuses and other employment benefits including but not limited to access to the lucrative buyout in amounts to be proven at trial. Plaintiffs' damages include all consequential, general and special economic damages in amounts to be proven at trial and all appropriate attorneys fees, costs, fine and penalties.

81.     As a direct and proximate consequence of CBS' discriminatory conduct, Plaintiffs have suffered physical, emotional and psychological injuries, along with pain and suffering. Accordingly, compensatory damages are necessary in an amount to be proven at trial and all appropriate attorneys fees, costs, fine and penalties.

82.     The actions of CBS as alleged herein constitute oppression, fraud, or malice, as those terms are defined in California *Civil Code* § 3294, and were done wantonly, maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiffs' rights. CBS' conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in

the future, which amount is to be determined according to proof at trial and all appropriate attorneys

fees, costs, fine and penalties.

## FOURTH CAUSE OF ACTION against ALL DEFENDANTS

### (DECLARATORY RELIEF)

83.     Plaintiffs incorporate and reallege by reference each and every allegation contained in

the preceding Paragraphs as if set forth herein in full.

84.     A dispute has arisen and an actual controversy now exists between all Plaintiffs on

the one hand and all Defendants on the other hand, with respect to CBS' wrongful and intentional

discrimination against Plaintiffs on the basis of their ages by denying them access to the buyout, and

how CBS engaged in an intentional, company-wide and systematic policy, pattern, and/or practice of

discrimination against Plaintiffs and intentionally discriminated against Plaintiffs as CBS' conduct

had an adverse impact on Plaintiffs as less discriminatory alternatives existed and would have

equally served any alleged necessity proffered by CBS.

85.     Plaintiffs seek a Declaration by the Court as to the respective rights, duties and

obligations of all Defendants as to the matters herein alleged, and which Defendants, either

individually, jointly and/or severally are responsible to employ and compensate Plaintiffs for the

damages they've suffered as a result of CBS conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment and relief as follows:

1.     For a trial by Jury;

2.     Compensatory, actual and punitive damages, according to proof at trial;

3.     Disgorgement of profits, according to proof at trial;

4.     Restitutionary relief, according to proof at trial;

5.     Declaratory Relief;

6.     Attorney's fees, costs and costs of suit, and

ORIGINAL COMPLAINT AND JURY DEMAND

1        7.     Such other and further relief as the Court deems appropriate.

2

3    Dated: November 27, 2019       LAW OFFICES OF WAYNE KREGER

4

5                               By:_____

6                               Wayne S. Kreger, Esq. (CA Bar# 154759)

7                               LAW OFFICES OF WAYNE KREGER
100 Wilshire Boulevard, Suite 700

8                               Santa Monica, California 90401
Phone: (310) 917-1083

9                               Fax:   (310) 917-1001
E-Mail: wayne@kregerlaw.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORIGINAL COMPLAINT AND JURY DEMAND

ORIGINAL

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CBS BROADCASTING, INC.; TELEVISION CITY STUDIOS, LLC; TELEVISION CITY
SERVICES, LLC; TELEVISION CITY PRODUCTIONS, LLC; MICHAEL HACKMAN &
ASSOCIATES; HACKMAN CAPITAL PARTNERS, LCC; and DOES 1 through 10, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BEN PIAZZA, ET. AL.   **(Additional Parties Attachment form is attached)**

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
Superior Court of California
County of Los Angeles

**NOV 27 2019**

Sherri R. Carter, Executive Officer/Clerk

STEVEN DREW

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | LOS ANGELES SUPERIOR COURT SPRING STREET COURTHOUSE 312 NORTH SPRING STREET LOS ANGELES, CALIFORNIA 90012 | CASE NUMBER: *(Número del Caso):* **19STCV42511** |
|---|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
WAYNE S. KREGER, ESQ., LAW OFFICES OF WAYNE KREGER, P.A., 100 WILSHIRE BOULEVARD, SUITE 700,
SANTA MONICA, CALIFORNIA ,90401, TEL.: 310-917-1083, FAX: 310-917-1001, wayne@kregerlaw.com

| DATE: **NOV 27 2019** *(Fecha)* | Sherri R. Carter, Clerk | Clerk, by *(Secretario)* | , Deputy *(Adjunto)* STEVEN DREW |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 *www.courts.ca.gov* |
|---|---|---|

For your protection and privacy, please press the Clear This Form button after you have printed the form.   [Print this form]  [Save this form]   [Clear this form]

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| BEN PIAZZA, et. al. v. CBS BROADCASTING, INC. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

| ✔ | Plaintiff | | Defendant | | Cross-Complainant | | Cross-Defendant |
|---|---|---|---|---|---|---|---|

JOEL BINGER; KEVIN BELLOTTI; JIMMY VELARDE; WAYNE GETCHELL; NANCY PERRY; EDWARD NELSON; RON NUGENT; DAVE GOLBA; PETER MALLARD; FREDERICK SMITH; JULIAN SALAS; ROBERTO BOSIO;  RICHARD LABGOLD; DENISE STONES; LESLIE NOURSE; LINDA RUSS;  JERILYNNE AKUTAGAWA; BARBRA CIMO; SHARON O ' DANIEL; JODY LAWRENCE-MILLER; VICKI KAUFMAN; TRACY LAWRENCE; KENNETH LATKA; and MARC BERUTI.

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

ORIGINAL

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FILED<br>*FOR COURT USE ONLY*<br>Superior Court of California<br>County of Los Angeles<br><br>NOV 27 2019<br><br>Sherri R. Carter, Executive Officer/Clerk |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
 WAYNE S. KREGER, ESQ. ( CALIFORNIA BAR NO. 154759)
 LAW OFFICES OF WAYNE KREGER, P.A.
 100 WILSHIRE BOULEVARD, SUITE 700
 SANTA MONICA, CALIFORNIA 90401
 TELEPHONE NO.: 310-917-1083     FAX NO.: 310-917-1001
ATTORNEY FOR *(Name):* PLAINTIFFS BEN PIAZZA, et. al

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
 STREET ADDRESS:  312 NORTH SPRING STREET
 MAILING ADDRESS:  312 NORTH SPRING STREET
 CITY AND ZIP CODE:  LOS ANGELES, CALIFORNIA 90012
 BRANCH NAME:  SPRING STREET COURTHOUSE

CASE NAME:
 BEN PIAZZA, et. al., v. CBS BROADCASTING, INC., et. al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: **19STCV42511** |
|---|---|---|---|---|
| [✔] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
 [ ] Auto (22)
 [ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
 [ ] Asbestos (04)
 [ ] Product liability (24)
 [ ] Medical malpractice (45)
 [ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
 [ ] Business tort/unfair business practice (07)
 [✔] Civil rights (08)
 [ ] Defamation (13)
 [ ] Fraud (16)
 [ ] Intellectual property (19)
 [ ] Professional negligence (25)
 [ ] Other non-PI/PD/WD tort (35)
**Employment**
 [ ] Wrongful termination (36)
 [ ] Other employment (15)

**Contract**
 [ ] Breach of contract/warranty (06)
 [ ] Rule 3.740 collections (09)
 [ ] Other collections (09)
 [ ] Insurance coverage (18)
 [ ] Other contract (37)
**Real Property**
 [ ] Eminent domain/Inverse condemnation (14)
 [ ] Wrongful eviction (33)
 [ ] Other real property (26)
**Unlawful Detainer**
 [ ] Commercial (31)
 [ ] Residential (32)
 [ ] Drugs (38)
**Judicial Review**
 [ ] Asset forfeiture (05)
 [ ] Petition re: arbitration award (11)
 [ ] Writ of mandate (02)
 [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
 [ ] Antitrust/Trade regulation (03)
 [ ] Construction defect (10)
 [ ] Mass tort (40)
 [ ] Securities litigation (28)
 [ ] Environmental/Toxic tort (30)
 [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
 [ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
 [ ] RICO (27)
 [ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
 [ ] Partnership and corporate governance (21)
 [ ] Other petition *(not specified above)* (43)

2. This case [✔] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
 a. [✔] Large number of separately represented parties
 b. [✔] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
 c. [✔] Substantial amount of documentary evidence
 d. [✔] Large number of witnesses
 e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
 f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✔] monetary   b. [✔] nonmonetary; declaratory or injunctive relief   c. [✔] punitive
4. Number of causes of action *(specify):*  FOUR
5. This case [ ] is   [✔] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:  NOVEMBER 27, 2019
 WAYNE S. KREGER, ESQ.
 _____ (TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

11/27/2019

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

### To Plaintiffs and Others Filing First Papers

If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must check **all five** items on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 201.8(c) and 227 of the California Rules of Court.

### To Parties in Complex Cases

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 1800 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
*case involves an uninsured*
*motorist claim subject to*
*arbitration, check this item*
*instead of Auto)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or*
*toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil*
*harassment)*(08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer*
*or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally*
*complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation(14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent*
*domain, landlord/tenant, or*
*foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
*drugs, check this item; otherwise,*
*report as Commercial or*
*Residential.)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil**
**Litigation (Cal. Rules of Court Rule**
**1800-1812)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Toxic Tort/Environmental (30)
Insurance Coverage Claims
*(arising from provisionally*
*complex case type listed above)*
(41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-*
*domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Tax
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
*above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-*
*harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)*
(43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief from Late
Claim
Other Civil Petition

ORIGINAL

| SHORT TITLE: BEN PIAZZA, et. al., v. CBS BROADCASTING, INC., et. al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.

2. Permissive filing in central district.

3. Location where cause of action arose.

4. Mandatory personal injury filing in North District.

5. Location where performance required or defendant resides.

6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.

8. Location wherein defendant/respondent functions wholly.

9. Location where one or more of the parties reside.

10. Location of Labor Commissioner Office.

11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons –<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br><br>1, 4, 11<br>1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 1 of 4

11/27/2019

| SHORT TITLE: BEN PIAZZA, et. al., v. CBS BROADCASTING, INC., et. al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☑ A6005  Civil Rights/Discrimination | 1, 2, 3 X X X |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation     Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: BEN PIAZZA, et. al., v. CBS BROADCASTING, INC., et. al. | CASE NUMBER |
|---|---|

|  | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

| SHORT TITLE: BEN PIAZZA, et. al., v. CBS BROADCASTING, INC., et. al. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐  9. ☐ 10. ☐ 11. | ADDRESS:<br><br>7800 BEVERLY BOULEVARD |
|---|---|

| CITY:<br>LOS ANGELES | STATE:<br>CA | ZIP CODE:<br>90036 |
|---|---|---|

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the _____CENTRAL_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: NOVEMBER 27, 2019

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4