**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 19 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BEN PIAZZA; JOEL BINGER; KEVIN BELLOTTI; JIMMY VELARDE; WAYNE GETCHELL; NANCY PERRY; EDWARD NELSON; RON NUGENT; DAVE GOLBA; PETER MALLARD; FREDERICK SMITH; JULIAN SALAS; ROBERTO BOSIO; RICHARD LABGOLD; DENISE STONES; LESLIE NOURSE; LINDA RUSS; BARBRA CIMO; SHARON O'DANIEL; JODY LAWRENCE-MILLER; VICKI KAUFMAN; TRACY LAWRENCE; MARC BERUTI, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CBS BROADCASTING, INC.; TELEVISION CITY STUDIOS, LLC; TELEVISION CITY SERVICES, LLC; TELEVISION CITY PRODUCTIONS, LLC; MICHAEL HACKMAN AND ASSOCIATES; HACKMAN CAPITAL PARTNERS, LLC, <br><br> Defendants-Appellees. | No.   22-55615 <br><br> D.C. No. 2:20-cv-02920-DSF-AS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted September 15, 2023[**]
Pasadena, California

Before: SCHROEDER, FRIEDLAND, and MILLER, Circuit Judges.

A group of former CBS employees ("Plaintiffs") appeals the district court's grant of summary judgment in favor of their employer, CBS ("Defendant"), on claims that Defendant violated the California Fair Employment and Housing Act ("FEHA"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Plaintiffs' briefing fails to comply with both the Federal Rules of Appellate Procedure and our court's rules. Under our court's rules, "[e]very assertion in the briefs regarding matters in the record, except for undisputed facts offered only for general background, shall be supported by a citation to the Excerpts of Record, unless the filer is exempt from the excerpts requirement." 9th Cir. R. 28-2.8; *see also* Fed. R. App. P. 28(a)(6), (e). Although Plaintiffs' opening brief contains numerous factual assertions, it includes only a handful of citations in support—all of which are to the Complaint or the district court's order, not to record evidence. Defendant pointed out these deficiencies in its response brief. In reply, Plaintiffs' brief includes a single citation to a range of over one hundred pages from a submission by counsel to the district court (much of which was

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

reproduced verbatim in the brief without any additional explanation), which itself contains citations that have no correspondence to the appellate excerpts of record. This is insufficient to remedy the deficient opening brief. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[J]udges are not like pigs, hunting for truffles buried in briefs." (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991))).

Those failures could warrant outright dismissal of this appeal. *See N/S Corp. v. Liberty Mut. Ins. Co.*, 127 F.3d 1145, 1146 (9th Cir. 1997) (striking the appellant's deficient briefs and dismissing the appeal). Nevertheless, we proceed to the merits and conclude that the appeal is not meritorious.

2. Plaintiffs contend that the district court's order was inappropriately short and failed to adequately explain its reasoning. But the district court's analysis easily satisfies Rule 56's directive that a trial court "should state on the record the reasons for granting or denying the motion." Fed. R. Civ. P. 56(a); *see also* Fed. R. Civ. P. 56(a) advisory committee's note to 2010 amendments ("The form and detail of the statement of reasons are left to the court's discretion.").

3. The district court did not err in granting summary judgment to Defendant on Plaintiffs' disparate treatment claim. Plaintiffs challenge two decisions that they argue adversely impacted them: (1) the decision to transfer them to a different employer as part of an acquisition, and (2) the decision to exclude transferred

employees from a voluntary buyout. Even assuming those are adverse employment actions, Defendant has provided legitimate, nondiscriminatory reasons for both decisions. Defendant explained that (1) the transferred employees were selected based on their roles, to ensure continuity of operations after the transfer, and (2) Defendant was contractually obligated to exclude the transferred employees from the voluntary buyout.

To defeat summary judgment, then, Plaintiffs "had the burden to *rebut* this facially dispositive showing by pointing to evidence which nonetheless raises a rational inference that intentional discrimination occurred." *Guz v. Bechtel Nat'l Inc.*, 24 Cal. 4th 317, 357 (2000). They have not done so. Although Plaintiffs assert that Defendant's proffered reasons were pretextual, they offer no evidence in support of that assertion apart from their subjective beliefs that Defendant discriminated against them due to their age.

4. Summary judgment was also warranted on Plaintiffs' disparate impact claim. Plaintiffs have offered no evidence—statistical or otherwise—in support of their claim that a disproportionate number of older employees was transferred. They have accordingly not made out a prima facie case of disparate impact. *See Jumaane v. City of Los Angeles*, 241 Cal. App. 4th 1390, 1405 (2015) (requiring a plaintiff to show that the challenged "facially neutral policy has caused a protected group to suffer adverse effects" in order to make out a prima facie case of disparate

impact under FEHA); *Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1425 (9th Cir. 1990) (granting summary judgment to the defendant employer where the plaintiff failed to make out a prima facie case of disparate impact).

**AFFIRMED.**